UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHEN C. PEHLE,                           No. 2:06-cv-01889-MCE-EFB

    Plaintiff,

  v.                                        MEMORANDUM AND ORDER

RONALD DAVID DUFOUR and
DUFOUR ENTERPRISES, INC.,

    Defendants.

----oo0oo----

Plaintiff Stephen C. Pehle ("Plaintiff") seeks redress from his employer DuFour Enterprises, Inc. and its owner Ronald DuFour (collectively, "Defendants") to recover various compensation owed pursuant to the Fair Labor Standards Act of 1938. Before the Court is Defendants' counsel's Motion to Withdraw (ECF No. 34). Defendant DuFour and Plaintiff have both consented to counsel's withdrawal. However, the Court had concerns about granting the motion, and leaving Defendant DuFour Enterprises, Inc. without counsel, in violation of Local Rule 183(a) (a corporation may only appear in the Eastern District through representation). A hearing on this issue was conducted on November 18, 2010.

1

1  This Court has discretion to grant or deny a motion to
2 withdraw.  Gray v. Southwest Airlines, Inc., 33 F. App'x 865, 867
3 (9th Cir. 2002).  Local Rule 182(d) governs withdrawal of
4 attorneys in the Eastern District, detailing both procedural and
5 substantive requirements.  Procedurally, Rule 182(d) requires
6 that counsel obtain leave of court before leaving a client *in*
7 *propria persona*, and that counsel make such a motion only upon
8 written notice to the client and all other parties.
9  When evaluating a motion to withdraw, a court may consider
10 the following four factors: (1) the reasons counsel seeks to
11 withdraw; (2) the prejudice that withdrawal may cause to other
12 litigants; (3) the harm that withdrawal might cause to the
13 administration of justice; and (4) the extent to which withdrawal
14 will delay resolution of the case.  Canandaigua Wine Co., Inc. v.
15 Moldauer, 2009 WL 89141 at *1 (E.D. Cal. Jan. 14, 2009).
16  Further, an attorney can withdraw from representing a
17 corporation without offending the rule against corporate self-
18 representation.  Ferruzzo v. C. & D. Enter., 104 Cal. App. 3d
19 501, 504 (1980).  See also Vang v. Home Loan Funding, Inc.,
20 No. 2:07-cv-1454, 2008 WL 3286825 at *2 (E.D. Cal. Aug. 6, 2008);
21 Fox Hollow of Turlock Owners' Ass'n v. Sinclair, No. 1:03-cv-
22 5439, 2010 WL 500465 at *3 (E.D. Cal. Feb. 8, 2010).
23  In the instant case, counsel requests withdrawal because
24 Defendants are no longer able to pay for counsel's legal
25 services.  They are contemplating filing for bankruptcy.
26 ///
27 ///
28 ///

Defendants' counsel has consistently gone above and beyond to notify his clients of their rights, inform them of the associated risks of appearing in court without an attorney, and represent their interests in this Court without compensation.  The parties have taken reasonable steps to minimize costs going forward, including consenting to a bench trial before the Magistrate Judge.  In addition, at the hearing, Defendants acknowledged and accepted the risks associated with proceeding without counsel.

In light of the above, counsel's Motion to Withdraw (ECF No. 34) is GRANTED.  The parties are to comply with Magistrate Judge Brennan's Order (ECF No. 50) to provide a status report within fourteen (14) days of this Order being electronically filed.

IT IS SO ORDERED.

Dated: January 26, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE