IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN C. PEHLE,

    Plaintiff,

vs.

RONALD DAVID DUFOUR;
DUFOUR ENTERPRISES, INC.,

    Defendants.

No. CIV S-06-1889 EFB

ORDER

On September 13, 2011, the court held a hearing on defendants' motion in limine to exclude Exhibit A to the parties' joint statement of undisputed and disputed facts.[1] Dckt. No. 77; Dckt. No. 81 at 5-8. Exhibit 11A is a graph indicating the dates that plaintiff contends he engaged in conduct that amounted to compensable work under the Fair Labor Standards Act and/or the California Labor Code. *See* Dckt. No. 70. The graph also indicates the job locations at which plaintiff worked on those dates, as well as the number of hours plaintiff contends he expended on the tasks for which he did not receive compensation. *Id.* Plaintiff's counsel created the graph during a meeting between plaintiff, his counsel (Mr. Gauger), defendant DuFour and

---

[1] During the trial, Exhibit A was marked for identification as plaintiff's Exhibit 11 and was later re-labeled Exhibit 11A. Dckt. No. 81 at 26, 93. For ease of reference, the exhibit will be referenced as "Exhibit 11A" herein.

1

his former counsel (Robert Fried), in Mr. Gauger's office on May 15, 2008.  *Id.* at 2.  According to plaintiff, the parties reviewed the documents and agreed that plaintiff performed those tasks on the days in question.  *Id.*; Dckt. No. 81 at 4.

Defendants sought to exclude Exhibit 11A "on the bases that it is highly prejudicial, and that Exhibit A is conclusory, effectively resolving the case in plaintiff's favor."  Dckt. No. 77.  Defendants argued that "plaintiff's Exhibit [11]A purports to establish uncompensated time each day, in addition to establishing the dispute over the amount of time, among other facts critical to the question of whether compensation is due the plaintiff."  *Id.* at 2.  However, defendants argued that "plaintiff has procured no stipulation as to alleged facts of uncompensated time each day, nor as to the amount of time in dispute" and asserted that "no such agreement has ever occurred."  *Id.*  Thus, defendants argued that because Exhibit 11A's admission into evidence would improperly relieve plaintiff of his burden of proof to show whether any uncompensated time exists and, if so, the dispute over the amount of time, it should be excluded.  *Id.*

At the hearing, the court found that Exhibit 11A could be used as a demonstrative exhibit only.  Dckt. No. 81 at 9.  When offered an opportunity to respond to that ruling, plaintiff's counsel indicated that the parties attempted to address the issue regarding Exhibit 11A in their pretrial statement (which ultimately became part of the final pretrial order).[2]  *Id.* at 10.  Plaintiff's counsel then stated: "We can deal with the evidentiary ruling I think at the close of

---

[2] The parties' joint statement of undisputed facts, which was incorporated by reference into the parties' pretrial statement, and the final pretrial order state: "Attached as Exhibit [11]A to the parties' joint statement of undisputed and disputed facts, Dckt. No. 70, is a graph indicating the days which various of these events happened and the number of hours Mr. Pehle expended in these tasks for which he did not receive compensation.  Plaintiff's counsel created this graph during a meeting between the Plaintiff, his counsel (Mr. Gauger), Defendant and his former counsel, Mr. Fried, in Mr. Gauger's office on May 15, 2008. The parties reviewed the documents and agreed that Pehle performed these tasks on the days in question. By agreeing to these facts, the Defendant does not concede that Mr. Pehle's activities constituted legally compensable work."  Dckt. No. 69 at 2; Dckt. No. 70 at 2; Dckt. No. 74 at 4.  The joint pretrial statement also noted that there were no disputed evidentiary issues.  Dckt. No. 69 at 2.  However, the final pretrial order also noted that "[a]t the final pretrial conference, defendants' counsel indicated that defendants may challenge the content in Exhibit [11]A" and provided that "[a]s to that issue, defendants may file a motion in limine."  Dckt. No. 74 at 7.

1  evidence, because I think the Court is right that it's a demonstrative tool at this point, and then I
2  think the Court will be persuaded as to its -- the foundation that it's based on by the end of the
3  presentation of the evidence." *Id.* Accordingly, the bench trial that was scheduled for that day
4  resumed and plaintiff presented its case. Dckt. No. 81 at 9.

5       At the conclusion of plaintiff's presentation of his case, plaintiff's counsel moved to offer
6  Exhibit 11A into evidence. Dckt. No. 81 at 83. Defendants once again objected to the
7  admissibility of Exhibit 11A, contending that the chart contains numerous inaccuracies and lacks
8  foundation. *Id.* Thereafter, the court stated that Exhibit 11A was being accepted for
9  demonstrative purposes but reserved determination of whether it would be admitted for
10 evidentiary purposes until after defendants presented further evidence. *Id.* Plaintiff then rested
11 his case and a lunch recess was held. *Id.* at 84.

12      After the recess, the court once again addressed the issue regarding Exhibit 11A. *Id.* at
13 85. The court expressed concern regarding whether a stipulation was actually reached between
14 the parties regarding Exhibit 11A, as well as concern regarding the evidence that did and did not
15 come in, as it relates to Exhibit 11A. *Id.* The court discussed the inconsistencies in the parties'
16 filings. First, the joint statement of undisputed facts, and therefore the subsequently issued final
17 pretrial order adopting that statement, include confusing language regarding Exhibit 11A. *See*
18 Dckt. No. 70 at 2; Dckt. No. 74 at 4. As discussed on the record, the statement that "By agreeing
19 to these facts, the Defendant does not concede that Mr. Pehle's activities constituted legally
20 compensable work," can be read in different ways. One way of reading the statement is that the
21 parties had agreed that the facts in Exhibit 11A are facts that the Court can take as having been
22 established, even though the parties disagree over what the legal consequences are, or flow from
23 those facts. Dckt. No. 81 at 86. However, another way of reading the statement "is that the
24 defense is hedging its bet and is being equivocal about what it's agreeing has been factually
25 ////
26 ////

3

established."[3] *Id.*

Additionally, while the joint pretrial statement noted that there were no disputed evidentiary issues, Dckt. No. 69 at 2, at the final pretrial conference, defendants stated otherwise (which resulted in a provision in the final pretrial order authorizing defendants to file a motion in limine regarding Exhibit 11A, Dckt. No. 74 at 7). Dckt. No. 81 at 87. The court noted, however, that neither side flagged the significance of Exhibit 11A, and the dispute surrounding it (which would convert the trial from a one day trial to a multiple day or even multiple week trial), at the final pretrial conference or in the joint pretrial statement. *Id.* at 88. The court then stated that "there's something that's fundamentally unfair about telling one side to a dispute that facts are undisputed and then plan and prepare for a trial where you think that's the case, only to find out it isn't, and now you need to bring in all of the other evidence or witnesses to prove up the facts that you thought you had a stipulation on." *Id.* The court found that since that was essentially the situation before the court, it needed to give plaintiff's counsel "the opportunity to present the evidence that he needs to present given that [defense counsel was] backing out of the stipulation." *Id.*

Defense counsel then specifically stated that there was never such a stipulation and that he always disputed the content of Exhibit 11A. *Id.* at 89. The court stated that "nonetheless, we have a situation where we go into a final pretrial conference with a joint statement saying that certain facts are undisputed and now at trial they . . . in fact are disputed." *Id.* at 89-90. The court stated that plaintiff's evidence consisted of "very limited testimony as to a few examples" since plaintiff's counsel thought that all he needed to do was lay a foundation for the few examples he identified, and then attempt to generalize from that because he thought he had a

---

[3] When asked the meaning of that sentence in the parties' joint statement, defendants' counsel responded that he was not a party to the mediation or the meeting that occurred from which Mr. Gauger derived Exhibit 11A, and instead was substituted in the case right around the time that the pretrial statement was prepared. *Id.* at 87. He stated that when he reviewed Exhibit 11A, he determined that he was not "ready to waive the burden of plaintiff to prove by evidence the[] conclusions" set forth therein. *Id.*

4

1 stipulation as to Exhibit 11A. *Id.* at 94. The court noted that it did not have briefing from either
2 party on how the court's discretion ought to be guided and whether the court should or should
3 not allow the defense to withdraw their stipulation. *Id.* at 94-95. The court provided that if
4 defendants are allowed to withdraw the stipulation, plaintiff's counsel would be given every
5 opportunity to present the evidence he otherwise would have presented had he known that they
6 were going to withdraw their stipulation, and would probably "also allow use of the earlier joint
7 statement in any way that [is] useful in trying the balance of the case. . . ." *Id.* at 95. The court
8 then set a briefing schedule on the issue and continued the trial to December 5, 2011 at 9:30
9 a.m.[4] *Id.* at 101.

10 Both parties have now submitted briefs regarding the admissibility of Exhibit 11A. *See*
11 Dckt. Nos. 82-86. In their brief, defendants argue that the chart at issue was prepared as an
12 "innovative mechanism for resolution" of the case and that no stipulations were filed or agreed
13 to by defendants' former counsel, Robert Fried. Dckt. No. 82 at 3, 13. Defendants further
14 contend that no stipulations were made or agreed to by defendants' current counsel.[5] *Id.* at 13.
15 Defendants note that their version of the draft joint pretrial statement did not include language
16 regarding Exhibit 11A, and contend that when plaintiff's counsel and defense counsel discussed
17 the draft joint pretrial statement over the telephone on July 26, 2011, defendants' counsel
18 "explained his unwillingness to stipulate to the admission of evidence from a meeting in which
19 he did not participate three years ago." *Id.* at 14. Defendants contend that "Plaintiff's counsel
20 acknowledged these trepidations and modified his joint statement on July 26, 2011," and that

---

[4] The court stated that "given that the defense is withdrawing from the stipulation and is going to require the plaintiff to present testimony or documentary evidence in admissible form to establish each of these elements, I am going to allow the plaintiff to reopen and to present that additional evidence. I think it would be fundamentally unfair and probably an abuse of my discretion not to do that. I will allow the continuance so that you can prepare to do that." *Id.* at 98."

[5] The relevant inquiry is not whether "current counsel" agreed to the stipulation, but whether the defendants or any counsel with authority to do so entered into a binding stipulation, and if so, the nature of that agreement.

5

1  "[i]n light of same day deadline and opposing counsel's representation that Mr. Fried stipulated
2  to the facts of Exhibit [11]A, I approved for submission to the court plaintiff's counsel's version
3  of the joint statement." *Id.*; Dckt. No. 86-3 ¶ 4. Defendants contend that their "present counsel
4  would not have agreed to the joint pretrial statement but for the inaccurate representation [by
5  plaintiff's counsel] that Robert Fried and Ronald DuFour stipulated to exhibit [11]A" and submit
6  declarations from both Robert Fried and Ronald DuFour, indicating that the May 15, 2008
7  meeting at which Exhibit 11A was drafted was intended to negotiate a settlement and that neither
8  Mr. Fried nor Mr. DuFour ever agreed that the time estimates prepared at that meeting were
9  accurate for purposes of this case. Dckt. No. 86 at 4; Dckt. No. 86-1 ¶¶ 4, 9, 10; Dckt. No. 86-2
10 ¶¶ 4, 9, 10.

11      Plaintiff counters that (1) defendant DuFour actually agreed to the facts in Exhibit 11A;
12 (2) defendant's lawyers agreed to the facts in Exhibit 11A but were careful to preserve legal
13 arguments regarding those facts; (3) defendants cannot meet the standard for relief from the
14 pretrial order; and (4) judicial estoppel prevents defendant DuFour from withdrawing his factual
15 agreement. Dckt. No. 83 at 1. Plaintiff also submitted a declaration from plaintiff's counsel,
16 Matthew Gauger, and from plaintiff. Dckt. Nos. 84, 85.

17      After careful consideration of the arguments made on the record, as well as those set
18 forth in the parties' briefs, the undersigned finds that there was never a meeting of minds
19 between the parties regarding the admissibility of Exhibit 11A, and therefore there was never a
20 stipulation between the parties as to that exhibit. The failure to reach an agreement as to what
21 use could be made of the exhibit is evidenced by the ambiguous and conflicting language the
22 parties included in their final pretrial statement, and their failure to either include in the exhibit
23 or in a separately filed stipulation specific language confirming an agreement that certain facts
24 would be deemed established and precisely what those facts are. To the extent the final pretrial
25 order suggests that there was a stipulation between the parties as to Exhibit 11A, the court finds
26 ////

that the order must be modified in order to prevent manifest injustice.[6]  Accordingly, defendants' motion to exclude Exhibit 11A is granted in part:  Exhibit 11A may be used as a demonstrative exhibit and/or for purposes of cross-examination, but may not by itself be used to establish the truth of the information presented therein.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to exclude Exhibit 11A, Dckt. No. 77, is granted in part and denied in part: Exhibit 11A may be used as a demonstrative exhibit and/or for purposes of cross-examination, but may not by itself be used to establish the truth of the information presented therein.

2.  The bench trial shall re-commence on Monday, December 5, 2011, at 11:00 a.m.

DATED: November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] Although the final pretrial order included language suggesting that the parties agreed to the facts provided in Exhibit 11A, it also noted that "[a]t the final pretrial conference, defendants' counsel indicated that defendants may challenge the content in Exhibit [11]A" and provided that "[a]s to that issue, defendants may file a motion in limine on or before September 6, 2011." Dckt. No. 74 at 7.  Plaintiff did not object at the final pretrial conference to defendants filing such a motion.  Therefore, the final pretrial order also specifically indicated that the issue regarding Exhibit 11A was unresolved and that defendants challenged the admissibility of that exhibit.  Defendants then filed a motion in limine, as they indicated they would.