IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN C. PEHLE,

      Plaintiff,                                     No. 2:06-cv-1889-EFB

      vs.

RONALD DAVID DUFOUR;
DUFOUR ENTERPRISES, INC.,

      Defendants.                             <u>ORDER</u>
_____/

       This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, with pendent claims under the California Labor Code.[1] On September 28, 2012, the court issued Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. Dckt. No. 97. The court found that plaintiff is entitled to judgment in his favor and against both defendants, jointly and severally, on Claim One (FLSA); plaintiff is entitled to judgment partially in his favor and against defendant DuFour Enterprises, Inc. on Claim Two (plaintiff is entitled to overtime compensation under California law but not waiting time penalties); and defendants are entitled to judgment in their favor on Claim Three (California Labor Code section 226). The court then ordered the parties to provide the court with additional

---

[1] This action is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305; Dckt. Nos. 75, 76.

1

briefing setting forth their respective positions regarding the exact amount of damages to be awarded based on these Findings of Fact and Conclusions of Law.

On October 12, 2012, the parties filed a joint brief setting forth their positions on the amount of damages that should be awarded. Dckt. No. 98. Plaintiff contends that Dufour Enterprises' violations of California law amount to a liability of $31,858.39 ($18,881.10 in total unpaid overtime wages and $12,997.29 in interest), and that under the FLSA, plaintiff is owed $14,687.33 in liquidated damages and an additional $14,687.33 in compensation at a rate of time and a half the regular rate for work over forty hours in a week for a total of $29,374.66. *Id.* at 2. Plaintiff contends that the amount of overtime compensation under California law is more than the federal overtime because the federal overtime is only for time worked after forty hours in a workweek, while California overtime is for time worked after eight hours in a day. *Id.* Plaintiff does concede that he is not entitled to double payment under both state and federal law. Plaintiff contends that under his formula "a judgment should issue for $46,545.71 against Dufour Enterprises and $29,374.66 against Mr. Dufour himself, but the order should also indicate that in no event should Mr. Pehle be paid more than a total of $46,545.71 (excluding post-judgment interest and attorneys' fees)." *Id.* Plaintiff also attached a spreadsheet specifying the overtime compensation, interest, and liquidated damages plaintiff contends are owed in this case. Dckt. No. 98-1.

Defendants do not set forth their position regarding the precise amount of damages to which plaintiff is entitled. *See* Dckt. No. 98 at 3-4. Rather, defendants contend that plaintiff is not entitled to liquidated damages under the FLSA, any damages that are speculative in nature, prejudgment interest, waiting time penalties under California Labor Code section 203, or penalties under California Labor Code section 226. *Id.*

In the September 28, 2012 Findings of Fact and Conclusions of Law, this court already concluded that plaintiff is entitled to liquidated damages under the FLSA and is entitled to compensation for the hours listed in plaintiff's Revised Table 1. Dckt. No. 97 at 19-21. The

1  court also previously held that plaintiff is *not* entitled to waiting time penalties under California
2  Labor Code section 203 or penalties under California Labor Code section 226. *Id.* at 24-26.
3  Therefore, the only remaining issue before the court is the precise calculation of the amount
4  owed to plaintiff.

5  The court now finds that, as detailed in the spreadsheet attached to the parties' joint
6  statement regarding the damages calculation, Dckt. No. 98-1, plaintiff is entitled to $18,881.10
7  in total unpaid overtime wages and $12,997.29 in pre-judgment interest under California law.
8  *See* Cal. Lab. Code § 218.6 ("In any action brought for the nonpayment of wages, the court shall
9  award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of
10 Section 3289 of the Civil Code, which shall accrue from the date that the wages were due . . . .");
11 Cal. Civ. Code § 3289(b) ("If a contract . . . does not stipulate a legal rate of interest, the
12 obligation shall bear interest at a rate of 10 percent per annum after a breach."); *see also Ulin v.*
13 *Lovell's Antique Gallery*, 2011 WL 2443676, at *1 (N.D. Cal. June 15, 2011) (citing *Bell v.*
14 *Farmers Ins. Exchange*, 135 Cal. App. 4th 1138 (2006) (affirming trial court's decision to apply
15 pre-judgment interest rate of 10% to the accrual of unpaid wages)). Therefore, plaintiff is
16 entitled to the sum of those amounts for a total of $31,858.39 based on defendant Dufour
17 Enterprises, Inc.'s violations of California law.

18 Not taking into account any award under California law, plaintiff would be entitled to
19 $14,687.33 in overtime compensation and $14,687.33 in liquidated damages under the FLSA for
20 a total of $29,374.66 based on both defendants' violations of the FLSA. However, plaintiff
21 cannot receive double payment for his overtime compensation under both state and federal law.
22 Therefor plaintiff is entitled to the amount recoverable under California law, $31,858.39, plus
23 the amount recoverable under the federal statute which does not include double payment for
24 overtime, $14,687.33 in liquidated damages, for a total of $46,545.71.

25 ////
26 ////

1     Accordingly, for the reasons set forth in the September 28, 2012 Findings of Fact and
2 Conclusions of Law, Dckt. No. 97, the court enters judgment for plaintiff and against Dufour
3 Enterprises, Inc. for $46,545.71 (based on $31,858.39 for the California law violations and an
4 additional $14,687.33 in liquidated damages under the FLSA), and judgment for plaintiff and
5 against both Dufour Enterprises, Inc. and Ronald DuFour, jointly and severally, in the amount of
6 $29,374.66 (based on the FLSA violations only), but in no event shall plaintiff be paid more than
7 a total of $46,545.71 (excluding any potential award of attorneys' fees, costs, and/or
8 post-judgment interest.

    SO ORDERED.

DATED: October 26, 2012.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

4