IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN C. PEHLE,

    Plaintiff,

vs.

RONALD DAVID DUFOUR;
DUFOUR ENTERPRISES, INC.,

    Defendants.

No. 2:06-cv-1889-EFB

ORDER

This action is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305. After a bench trial, the court found that plaintiff was entitled to judgment in his favor and against both defendants, jointly and severally, on plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and on plaintiff's claim for overtime compensation under California law. ECF No. 97. The court further found that defendants were entitled to judgment in their favor on plaintiff's claim under California Labor Code section 226. *Id.* Accordingly, judgment was entered for plaintiff and against Dufour Enterprises, Inc. for $46,545.71 (based on $31,858.39 for the California law violations and an additional $14,687.33 in liquidated damages under the FLSA), and judgment for plaintiff and

/////

against both Dufour Enterprises, Inc. and Ronald DuFour, jointly and severally, in the amount of $29,374.66 (based on the FLSA violations only).[1]  ECF No. 99 at 4.

Plaintiff now seeks to recover $171,960.00 in attorney fees and $3,969.57 in litigation expenses pursuant to 29 U.S.C. § 216(b) and California Labor Code § 218.5.  ECF No. 101 at 7.  Defendants oppose the motion.  ECF Nos. 105, 106.  For the following reasons, plaintiff's motion is granted in part and denied in part.

I.     ANALYSIS

   A.     Attorney Fees

Plaintiff, as the prevailing party at trial, is entitled to attorneys' fees under the Fair Labor Standards Act ("FLSA").  29 U.S.C. § 216(b); *see also Newhouse v. Robert's Ilima Tours, Inc*., 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee.").  Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted).  The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  It is likewise the fee applicant's burden to "submit evidence supporting the hours worked and rates claimed . . . .  Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in

---

[1] The court noted that "in no event shall plaintiff be paid more than a total of $46,545.71 (excluding any potential award of attorneys' fees, costs, and/or post-judgment interest)."  ECF No. 99 at 4.

2

its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 892 n. 5 (1984); *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987)).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). Those factors—also known as the *Kerr* factors—include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment b the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995).

Here, plaintiff seeks to recover a total of $171,960.00 in attorney fees and $3,969.57 in litigation expenses pursuant to 29 U.S.C. § 216(b) and California Labor Code § 218.5. ECF. No. 101 at 7. Rather than submitting a brief in opposition to the motion, defendants filed two affidavits. ECF Nos. 105, 106. The first affidavit, from defendant Ronald Dufour, avers that (1) defendant did not intentionally fail to pay plaintiff any wages owed to him and instead believed that he was fully compensating plaintiff; (2) the attorney's fees requested herein "would devastate the finances of Dufour Enterprises" and defendant Dufour; and (3) the attorney's fees sought by plaintiff far exceed the $75,230.18 in total fees and costs expended by defendants in this action. ECF No. 105, Dufour Aff. ¶¶ 4-5, 7-8. The second affidavit, from defense counsel Leonard C. Hart Nibbrig, implies that plaintiff's counsel took too long (five years) to take this case to trial and the case at trial was simple and straightforward, with plaintiff's counsel only

3

calling one witness – plaintiff. ECF No. 106, Hart Nibbrig Aff. ¶¶ 2-3. Defense counsel also states that both discovery and motion practice "were extraordinarily limited" and that plaintiff was only partially a prevailing party at trial. *Id.* ¶¶ 4-5.

It appears from those affidavits that defendants are attempting to challenge the amount of fees sought by plaintiff. However, because defendants did not file a formal brief in opposition to the motion for fees, it is unclear what specific portions of plaintiff's counsel's work defendants believe was unnecessary and/or what hourly rates defendants believe were reasonable. Nonetheless, the court has independently considered whether the number of hours sought by plaintiff is reasonable, whether the hourly rates sought are reasonable, and whether the *Kerr* factors warrant straying from that lodestar figure. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993) ("the district court [is] required to independently review plaintiffs' fee request even absent defense objection"); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385, n.3 (9th Cir. 1984); *See also N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1334 (11th Cir. 1987) (trial court must determine if fee request is reasonable and in doing so "does not abuse its discretion simply by reducing the amount of an unsupported fee award" and "does not have to accept uncontradicted evidence if there is a reason for rejecting it.").

 1.  <u>Reasonable Hours Expended</u>

Plaintiff seeks to recover fees based on a total of 399.05 hours of attorney and paralegal time spent on this litigation. As an initial matter, plaintiff's attorneys have reduced the time claimed in order to prevent excessive, redundant, or otherwise unnecessary billing. *See* ECF No. 101 at 13. Specifically, plaintiff's counsel contends that they have not billed for about half of numerous short phone calls that occurred in the course of the litigation. Further, counsel indicates that he has reduced the time billed on some of the longer phone calls with defendants' original attorney, did not bill all of the time spent attempting to contact defendants during the time defendants were without counsel in this case. *Id.* Plaintiff's request for fees is based on contemporaneous time records maintained by plaintiff's counsel's law firm Weinberg, Roger &

4

Rosenfeld which detail the work performed and the time billed. *See* Gauger Decl., Ex. 1, ¶¶ 8-14.

This court has reviewed those detailed time records and is satisfied the hours were expended and finds that, despite the relatively straightforward nature of this action, the number of hours expended by plaintiff's counsel was reasonable and necessary in light of the procedural history and duration of this case, as well as the result obtained by plaintiff at trial. Although plaintiff did not prevail on all of his claims at trial, "plaintiffs are to be compensated for attorney's fees that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991) (citing *Hensley*, 461 U.S. at 435). Where a plaintiff succeeds on only some of his claims, the Supreme Court has adopted a two-part test to determine whether a requested fee should be reduced. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* Under *Hensley*'s two-part test, if the unsuccessful and successful claims are unrelated, the fee award may not include fees for time spent litigating the unsuccessful claims. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Related claims "involve a common core of facts or [are] based on related legal theories." *Id*. (quotation and citations omitted). Unrelated claims are "distinctly different" and are based on disparate facts and legal theories. *Id.* Factors that may be relevant in determining relatedness include whether the different claims were designed to seek relief for the same course of conduct, whether the claims were presented separately, whether testimony on claims overlapped, and whether evidence concerning one claim was material and relevant to another. *Id.* If the unsuccessful and successful claims are found to be related, the court must apply the second part of the *Hensley* test and gauge the overall success of the plaintiff in relation to the hours expended. *Id.* "If the plaintiff obtained 'excellent results,' full compensation may

be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive." *Id.* (quoting *Hensley*, 461 U.S. at 435-37).

Here, plaintiff only brought three claims, all of which were related since they required much of the same evidence for proof of the claims, involved a common core of facts or similar legal theories, and addressed the same general course of conduct by defendants. Therefore, the court does not find that a reduction is warranted based on plaintiff's failure to prevail on one of the claims and a portion of another.

### 2. Reasonable Hourly Rate

"[T]he district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986). This determination "is not made by reference to rates actually charged by the prevailing party." *Id.* Instead, the court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation." *Id.* at 1210-11. The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits. The fee applicant bears the burden of demonstrating that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (citation omitted). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition to considering affidavits and evidence submitted by the parties, the court may also "rely on its own familiarity with the legal market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

/////

/////

Plaintiff's fee request is based on the following hourly rates:

- Attorney Gary Provencher: $350.00-$375.00 per hour
- Attorney Theodore Franklin $475.00 per hour
- Attorney Patricia M. Gates $375.00 per hour
- Attorney Matthew J. Gauger $425.00-575.00 per hour
- Attorney Jannah V. Manansala $250.00 per hour
- Attorney Russell Naymark $425.00 per hour
- Attorney Roberta Perkins $575.00 per hour
- Paralegal Judy Castillo $155.00-$195.00 per hour
- Paralegal Eleanor Natwick $90.00-$195.00 per hour
- Paralegal Teresa Rojas Alou $195.00 per hour

ECF No. 101 at 14; *see also* Gauger Decl., Ex. 3. Plaintiff contends that the hourly rates "are reasonable based on counsels' years in practice and experience" and "are also consistent with the rates charged by other practitioners in the Sacramento area." ECF No. 101 at 15 (citing Gauger Decl., Ex. 4). Plaintiff contends generally that "[t]he hourly rates claimed for work on this case are consistent with the hourly rates for handling cases of this type in Sacramento County"; the rates sought "are reasonable, and fairly represent a 'reasonable rate' for this type of work"; and "[t]he 'market' clearly supports these hourly rates for this kind of work." *Id.* at 22-23. Plaintiff also contends that "Matthew J. Gauger is a highly qualified labor lawyer who has handled many other wage and hour claims under the FLSA and State law and class action litigation over the course of his 23-year career"; that "Russell Naymark appeared at trial and provided considerable assistance in drafting pleadings"; that "[t]here is no question that Mr. Gauger and Mr. Naymark possessed the requisite skill to guide and oversee all aspects of this case"; that "[t]he experience of all attorneys on this case resulted in efficient and economical work"; that "[t]he law clerk and paralegals involved with the case were qualified to provide the assistance they rendered under the supervision of the working attorneys"; that "each of the attorneys who worked on this case is well qualified and capable to handle this type of litigation"; and that "there should be no dispute concerning counsels' experience, reputation and ability." *Id.* at 16, 18-19.

However, the only evidence plaintiff offers in support of his conclusions about the reasonableness of the hourly rates claimed are a declaration of Larry Kazanjian, a Sacramento-

based management labor attorney; the declaration of one of plaintiff's attorneys, Matthew Gauger; and an April 2012 order in a Fresno County Superior Court case awarding attorney's fees to Gauger at a rate of $350.00 per hour. Gauger Decl. Exs. 4, 5.

In his declaration, Kazanjian avers that he is very familiar with the hourly rates charged by management labor lawyers in Sacramento and the Central Valley and that "[i]t is very common for management labor lawyers with over ten years experience to charge in excess of $500.00 an hour." Kazanjian Decl. ¶ 2. Kazanjian further avers that he is familiar with Gauger's work and that in his opinion, "Gauger is among the top union-side labor lawyers in Northern California, and would easily command a $500.00 plus per hour market rate." *Id.* ¶ 4. Kazanjian also declares, however, that despite practicing law representing management in labor relations matters since 1987, he only charges between $350 and $395 per hour, and the other partners in his firm, who have been practicing since 1994, 1995, and 1996, are billed out at $300 to $350 per hour, and the associates in his firm bill at rates between $225 and $295 per hour. *Id.* ¶¶ 2, 3.

Gauger declares that he has been practicing law since 1989, has been a shareholder at his current firm since July 2000, and has "devoted twenty-three years to representing Unions, their members and other constituents of the American Labor Movement." Gauger Decl. ¶¶ 3, 5, 6. Gauger's declaration lists numerous published decisions in cases in which he was the principal attorney, *id.* ¶ 7, and contends that "[a]ttorneys on the management side with [his] background and experience that are Shareholders or Partners routinely charge in excess of $525.00 per hour." *Id.* ¶ 8. Gauger adds that "[a]ttorneys with Russell Naymark's experience routinely charge $400.00 per hour." *Id.* However, Gauger does not provide any support or explanation for that conclusion, nor does he say anything further about the other attorneys who worked on this case, other than to state their hourly rate and the number of hours they billed. *Id.* ¶ 14. No information is provided regarding the experience level or expertise of those attorneys, nor is it even clear whether those attorneys are partners or associates with the firm.

8

With regard to the hourly rates charged by the paralegals on the case, Gauger states only that "[t]he firm billed Paralegal time at the rate of between $90.00 per hour and $195.00 per hour" and "[t]he market rate for the value of their Paralegal work in this case is $195.00 an hour." *Id.* ¶ 12. Plaintiff did not provide any information regarding the reasonable hourly rates for paralegals in the Sacramento area, nor did plaintiff provide any information as to the experience or expertise of the paralegals who worked on this case. The scant evidence offered does not adequately address the prevailing rates for attorneys and paralegals in Sacramento, and itself is not sufficient to support a finding that the rates charged by plaintiff's attorneys and paralegals are reasonable.

As plaintiff has not provided the court with any apposite information regarding the prevailing market rates for similar work performed by comparable attorneys in Sacramento, the court will look to other sources. "As many cases in the Eastern District . . . observe, 'prevailing hourly rates in the Eastern District of California are in the $400/hour range.'" *Monterrubio v. Best Buy Stores, L.P.*, 2013 WL 2106085 (E.D. Cal. May 14, 2013) (quoting *Bond*, 2011 WL 2648879, at *12); *see also Franco v. Ruiz Food Products, Inc*., 2012 WL 5941801, at *20 (E.D. Cal. Nov. 27, 2012); *Gong-Chun v. Aetna Inc*., 2012 WL 2872788, at *21 (E.D. Cal. July 12, 2012); *Garcia v. Gordon Trucking, Inc*., 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012); *cf. Broad. Music Inc. v. Antigua Cantina & Grill, LLC*, 2013 WL 2244641, at *1 (E.D. Cal. May 21, 2013) (finding $275 to be a reasonable rate for an attorney in a "routine copyright infringement" case with twenty years experience in intellectual property matters); *Branco v. Credit Collection Servs., Inc*., 2011 WL 6003877, at *3–4 (E.D. Cal. Dec.1, 2011) (approving a rate of $275 per hour for an attorney with over ten years experience working on cases involving the Fair Debt Collection Practices Act); *Lehr v. City of Sacramento*, 2013 WL 1326546, at *7 (E.D. Cal. Apr. 2, 2013) (finding $400 to be a reasonable rate for "one of the most experienced and successful civil rights attorneys in the Sacramento area").

/////

9

1    Thus, over the period of 2012 and 2013 several Eastern District of California cases
resulted in fee awards with hourly rates that ranged from $275 to $400. In light of Gauger and
Kazanjian's declarations regarding Gauger's 23 years of experience as a union lawyer, as well as
the rates that are charged by Kazanjian and the other partners at his firm, along with the rates
typically charged in this district in similar cases, an hourly rate within that range would reflect
the appropriate market rate for the services in question here. However, within that range perhaps
the best indicator of the appropriate hourly rate is that actually awarded to Gauger in a case
litigated within the boundaries of this district. The court finds that the $350 hourly rate that
Gauger was paid in the 2012 Fresno County Superior Court case is reasonable, as opposed to the
requested rate of $425.00 - 575.00 per hour.

Plaintiff has not provided the court with information regarding the experience or
expertise of the other attorneys on this case, nor has plaintiff provided any evidence
demonstrating that the rates charged by those attorneys are comparable to other attorneys of
similar experience and expertise in the Sacramento area. Based on that record, the court cannot
find that the rates charged for those attorneys, which range from $250 per hour to $575 per hour,
are supported and reasonable. However, in the absence of any information regarding the
qualifications of those attorneys, the court again turns to the rates awarded to associates in other
cases and finds that the rate of $150 per hour for those attorneys is reasonable.[2] *See, e.g., Broad. Music Inc*., 2013 WL 2244641, at *1 (awarding associate $175 per hour); *Passport Health, Inc. v. Travel Med, Inc*., 2011 WL 6211874, at *2 (E.D. Cal. Dec. 14, 2011) (awarding hourly rate of $150 for associates in a contract action); *Yeager v. Bowlin*, 2010 WL 2303273, at *6 (E.D. Cal. June 7, 2010), *aff'd*, 495 Fed. App'x 780 (9th Cir. 2012) (explaining that a reasonable rate for associates in this district is $150).

---

[2] Although those attorneys may in fact have experience and expertise entitling them to a higher rate, plaintiff was provided an opportunity to support his request for attorney fees with the requisite evidence and failed to so. It is ultimately plaintiff's burden and responsibility to support the motion for fees with the evidence necessary to establish the reasonableness of the rates sought.

10

Plaintiff also failed to provide information on the prevailing market rates for paralegals in Sacramento and did not provide information as to the experience or expertise of the paralegals who worked on this case. According to the court's own research, "the paralegal rate 'favored in this district' is $75 per hour." *Friedman v. Cal. State Emps. Ass'n*, 2010 WL 2880148, at *4 (E.D. Cal. July 21, 2010); see *also Passport Health, Inc.*, 2011 WL 6211874, at *2 (awarding a rate of $75 per hour for paralegal time). The court therefore finds that a rate of $75 per hour for each paralegal is reasonable.

### 3. Application of the *Kerr* Factors

The court has carefully considered the *Kerr* factors, and the arguments set forth in plaintiff's brief regarding those factors, and concludes that the lodestar should not be further adjusted in this case.[3] There is nothing about this case that warrants departing from the lodestar as determined the use of a reasonable hourly rate times a reasonable number of hours necessarily incurred to prosecute the case. Therefore, plaintiff is entitled to his attorney fees for the hours expended, based on the rates discussed above.

### B. Litigation Expenses

29 U.S.C. § 216(b) requires the court to award a "reasonable attorney's fee . . . and costs of the action" to a plaintiff prevailing in an FLSA claim. Litigation expenses are reimbursable as part of the award for attorney fees if they are the types of expenses that an attorney would include in a bill for professional services. *Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989). Here, the expenses plaintiff seeks to recover are the reasonable out of pocket expenses incurred during the course of the litigation, and are expenses that would have been billed to a client under an hourly agreement for services or a retainer agreement or would have been categorized as costs for purposes of a contingent fee agreement. Defendants have not challenged any item of expenses, and the expenses sought appear to have been reasonably incurred.

---

[3] Plaintiff does not request any departure from the lodestar figure. Nor do defendants specifically request such a departure.

11

Therefore, plaintiff's motion for $3,969.57 in litigation expenses is granted.

II. <u>CONCLUSION</u>

In light of the foregoing, the court grants in part and denies in part plaintiff's motion for attorneys' fees and costs, as follows:

1. Plaintiff is awarded $93,131.25 in attorneys' fees, to be paid jointly and severally by defendants, based on the following hours and hourly rates:

- Attorney Matthew J. Gauger: 187.05 hours at $350/hour = $65,467.50
- Attorney Gary Provencher: 33.00 hours at $150/hour = $4,950.00
- Attorney Theodore Franklin: 0.25 hours at $150/hour = $37.50
- Attorney Patricia M. Gates: 3.50 hours at $150/hour = $525.00
- Attorney Jannah V. Manansala: 22.10 hours at $150/hour = $3,315.00
- Attorney Russell Naymark: 101.95 hours at $150/hour = $15,292.50
- Attorney Roberta Perkins: 0.25 hours at $150/hour = $37.50
- Paralegal Judy Castillo: 2.25 hours at $75/hour = $168.75
- Paralegal Eleanor Natwick: 6.25 hours at $75/hour = $468.75
- Paralegal Teresa Rojas Alou: 38.25 hours at $75/hour = $2,868.75

2. Plaintiff is awarded $3,969.57 in litigation expenses, to be paid jointly and severally by defendants.

SO ORDERED.

Dated: February 11, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE